IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  11-cv-01491-LTB

NICOLE HAMBLEN,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

_____

ORDER
_____

Plaintiff Nicole Hamblen appeals from the Social Security Administration ("SSA") Commissioner's (the "Commissioner") final decision denying her application for Supplemental Security Income ("SSI"), filed pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  Jurisdiction is proper under 42 U.S.C. § 405(g).  Oral argument will not materially aid in resolving this appeal. After considering the parties' arguments and the administrative record, for the reasons below, I REVERSE the Commissioner's final order and REMAND for further proceedings consistent with this order and judgment**.**

## I.  STATEMENT OF THE CASE

Plaintiff seeks judicial review of the Commissioner's decision denying her October 13, 2005, application for SSI. [Administrative Record ("AR") 67-70] After the application was denied, administrative law judge Joan Knight conducted a hearing on June 27, 2007, and issued a written ruling on October 12, 2007, denying Plaintiff's application on the basis that she was not disabled between the date on which she alleges that she became disabled and the date Judge Knight rendered her decision. [AR 50-59]  Plaintiff filed a timely request for review of that decision.

On September 18, 2008, the SSA Appeals Council (the "Appeals Council") issued an order vacating the decision and remanding the case for further hearing. [AR 44-46] In its remand order, the Appeals Council directed that further consideration needed to be given to Plaintiff's residual functional capacity ("RFC") during the entire period at issue and a rationale with specific references to evidence of record needed to be provided in support thereof. [AR 46]  Specifically, Plaintiff's treating source opinions needed to be considered and an explanation must be provided for the weight accorded to them. [AR 46]

On June 19, 2009, administrative law judge Larry Donovan (the "ALJ") conducted a hearing pursuant to the Appeals Council's remand order. [AR 24]  He issued a ruling on August 4, 2009, denying Plaintiff's application on the basis that she was not disabled between the date on which she alleges that she became disabled and the date of his decision. [AR 24-37]  Plaintiff filed a timely request for review of this decision. The Appeals Council denied that request, making the Commissioner's denial final for the purpose of judicial review. [AR 7-10].  *See* 20 C.F.R. § 416.1481.  Plaintiff timely filed her complaint with this Court on June 7, 2011, in which she seeks review of the Commissioner's August 4, 2009, decision.

## II. FACTS

Plaintiff was born on July 23, 1986, and was 19 years old on the date she filed her application for SSI benefits. [AR 36] She completed one to two years of high school and does not have a high school diploma or GED. [AR 36] Plaintiff has never worked. [AR 27, 44, 90]

Plaintiff previously received disability benefits under the Social Security Act from May 2003 to March 2005. [AR 25] She had a tumor on the bone of her right hip that required a hip replacement operation. [AR 25] After recovering from the operation, her condition improved, and she was no

longer determined to be disabled. [AR 25]

On October 13, 2005, Plaintiff again applied for SSI, alleging a disability beginning on that date due to problems with her right femur and hip. [AR 24, 27, 185] After filing her application, she claimed physical and mental impairments caused by hip pain, migraine headaches, dysthymic disorder, and borderline intellectual functioning. [AR 27, 174, 185] Plaintiff alleges that these limit her ability to read, concentrate, have a full-time job, bend, pull, walk, sit, and stand.

### III. LAW

Title XVI of the Social Security Act provides SSI benefits to individuals suffering from a long-term disability and who have income and resources below specified amounts. 20 C.F.R. § 416.110(a). A five-step sequential evaluation process is used to determine whether a claimant is disabled, which is generally defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§ 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful activity. If she is, disability benefits are denied. *See* 20 C.F.R. § 416.920. Step Two is a determination of whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. § 416.920(c). If the claimant is unable to show that her medical impairments would have more than a minimal effect on her ability to do basic work activities, she is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to preclude substantial gainful employment. *See* 20 C.F.R.

§ 416.920(d).  If the impairment is not listed, she is not presumed to be conclusively disabled.  Step

Four then requires the claimant to show that her impairment(s) and assessed RFC prevent her from

performing work that she has performed in the past.  If the claimant is able to perform her previous

work, the claimant is not disabled.  *See* 20 C.F.R. § 416.920(e) & (f).  Finally, if the claimant

establishes a *prima facie* case of disability based on the four steps discussed, the analysis proceeds

to Step Five where the Commissioner has the burden of proving that the claimant has the RFC to

perform other work in the national economy in view of her age, education, and work experience.

*See* 20 C.F.R. § 416.920(g).

## IV. ALJ's RULING

The ALJ ruled that Plaintiff had not engaged in substantial gainful activity since October 13,

2005, the date of the SSI application (Step One). [AR 27] The ALJ further determined that Plaintiff

had the following severe impairments: borderline intellectual functioning, dysthymia disorder, and

right hip pain status post replacement (Step Two). [AR 27]  The ALJ determined, however, that

these impairments did not meet or medically equal a listed impairment (Step Three). [AR 28] The

ALJ assessed Plaintiff with the following RFC:

> [Plaintiff can] occasionally lift and/or carry up to 40 pounds and frequently lift
> and/or carry 10 pounds or less; stand or walk for 20 to 30 minutes at a time for a total
> of about 4 hours total in an 8-hour workday (with normal breaks); sit for at least 6
> hours in an 8-hour workday (with normal breaks); push/pull including operation of
> foot controls, with the same exertional limitations as lift and/or carry; able to
> frequently climb ramps/stairs and never climb ladders or scaffolds, frequently
> balance, and occasionally stoop, crouch, kneel, and crawl; no manipulative, visual,
> or communication limitations; no concentrated exposure to extreme cold, noise,
> vibration, fumes, odors, dusts, gases, poor ventilation, etc., and no exposure to
> hazards (moving machinery, unprotected heights); and limited to work that is simple,
> routine, and repetitive in nature and that can be learned in 30 days.

[AR 31] The ALJ then found that Plaintiff had no past relevant work to which her impairments and

assessed RFC could be applied (Step Four). [AR 35] Nevertheless, the ALJ next determined that

Plaintiff could perform a significant number of jobs in the national economy, including work as an

unskilled and light garment sorter and small product assembler, as well as any number of sedentary

jobs, such as a call-out operator or bench hand assembler (Step Five). [AR 36] As a result, the ALJ

concluded that Plaintiff was not disabled under the Social Security Act. [AR 37]

## V. STANDARD OF REVIEW

My review is limited to whether the final decision is supported by substantial evidence in

the record as a whole and whether the correct legal standards were applied. *Williamson v. Barnhart,*

350 F.3d 1097, 1098 (10th Cir. 2003); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001); *Qualls*

*v. Apfel,* 206 F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review is "to determine

whether the findings of fact  . . . are based upon substantial evidence and inferences reasonably

drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may

not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). "Substantial

evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable

mind might accept to support the conclusion." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.

1987) (*citing Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d. 842 (1971)).

I may not re-weigh the evidence or substitute my judgment for that of the ALJ. *See Casias v.*

*Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991); *Jozefowicz v. Heckler*,

811 F.2d 1352, 1357 (10th Cir. 1987); *Cagle v. Califano*, 638 F.2d 219, 220 (10th Cir. 1981). With

regard to the application of the law, reversal may be appropriate when the Commissioner either

applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards.

*See Winfrey v. Chater,* 92 F.3d 1017, 1019 (10th Cir. 1996).

# VI. ISSUES ON APPEAL

Plaintiff argues, among other things, that the ALJ reversibly erred at Step Three of the five-step evaluation process by failing to obtain a medical opinion on the question of whether her impairments medically equal a listed impairment.  I agree.

"At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation."  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation and citation omitted).  Pursuant to Social Security Ruling 96–6P ("SSR 96–6P"), the ALJ must obtain the opinion of a physician or psychologist on the issue of medical equivalence. *See* SSR 96–6P, 1996 WL 374180, at *3. "While the ALJ is responsible for deciding the ultimate legal question of whether a listing is met or equaled, the ALJ must receive state agency doctors' judgments on the issue of medical equivalence into the record as expert opinion evidence." *Carbajal v. Astrue*, 2011 WL 2600984, at *2 (D. Colo. June 29, 2011) (quoting *Thompson-Behrend v. Astrue*, 2010 WL 1901772, at *5 (D. Utah April 15, 2010), (report and recommendation adopted by *Thompson-Behrend v. Astrue*, 2010 WL 1944779 (D. Utah May 11, 2010))); *see also Rosebrough v. Astrue*, 2009 WL 634699, at *6-7 (D. Kan. Mar. 11, 2009). Although the ALJ is not bound by the medical opinion, SSR 96–6P explains that "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." 1996 WL 374180, at *3. The ruling further provides that this requirement can be satisfied by the "signature of a State agency medical or psychological consultant on an SSA–831–U5 (Disability Determination and Transmittal Form)." *Id.; c.f. Castaneda v. Astrue*, 344 F. App'x 396, 398 (9th Cir.

2009) (noting that the ALJ complied with SSR 96–6P, in part, because state's non-examining medical expert signed the required SSA–831–U5 forms)

Here, the record contains two copies of a Disability Determination and Transmittal Form, neither of which is signed by a physician. [*See* AR 38, 39]  There is no evidence in the record that a physician reviewed the form. Furthermore, the record does not contain any other physician's opinion on equivalence, nor does the ALJ's decision reference one. [*See* AR  29]  The absence of a required medical opinion on this issue is not rendered harmless by the ALJ's findings at Steps Four and Five. *Carbajal*, 2011 WL 2600984, at *3.  Disability examiner Kris Vandeberg completed the form and opined as to the equivalency issue, but Vandeberg is not a physician. [*See* AR 38-39] The ALJ thus made his Step Three finding without any opinion from a medical source on the issue of equivalence. [*See* AR 29] Commissioner does not contest this.  *See* Def.'s Resp.

While Commissioner is correct that Plaintiff has the burden to establish that her impairments meet or equal listed impairments, SSR 96-6P requires the ALJ to develop the record by receiving a medical opinion on the issue. SSR 96–6P, 1996 WL 374180, at *3; *Carbajal*, 2011 WL 2600984, at *3. Consequently, I reverse and remand so the ALJ can correct this error.  *See Carbajal*, 2011 WL 2600984, at *3 (reversing and remanding an ALJ's decision denying social security benefits where disability determination and transmittal form was not signed by a physician and the record lacked any other physician's opinion on issue of equivalence, meaning that the ALJ made the Step Three finding without the required opinion from a medical source on that issue).  Because I remand for this reason, I need not and do not address Plaintiff's second, third, and fourth objections to the ALJ's decision.  *See, e.g.*, *id.* (court declined to address claimant's other objections to the ALJ's decision because it was remanding in order for ALJ to receive a medical opinion on issue of equivalence);

*c.f. Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *see also* Pl.'s Reply at 9 ("The court should remand on the basis of *Carbajal*.").

For reasons that will become clear, however, I address Plaintiff's fifth issue on appeal. Plaintiff contends that she submitted new material evidence to the Appeals Council constituting substantial treatment evidence in support of her claim for SSI and that some of this evidence should be considered on remand. The Appeals Council considered these records: it rejected those falling after the relevant time period–the alleged onset date to the date of the ALJ's decision–and it incorporated into the administrative record those falling within it. [*See* AR 8, 11]

It is unclear whether Plaintiff argues that the ALJ's decision should be reversed and remanded *on the basis* of this new evidence. Insofar as she does, I decline to address that argument because I remand on other grounds. Plaintiff clearly argues, however, that the new medical records from the relevant period should be considered on remand. (Plaintiff does not argue that records falling outside this period should be considered; I therefore do not address that issue.) Commissioner does not argue otherwise. *See* Def.'s Resp. at 16, 17 (arguing only that the new evidence should not be *a basis* for remand). Accordingly, on remand, the ALJ should review and consider those records that Plaintiff submitted to the Appeals Council that are from the relevant period. [*See* AR 11] To be sure, I do not prescribe what weight, if any, they should be accorded.

## VII. Conclusion

For the foregoing reasons, it is ordered that the August 4, 2009, decision of the Commissioner that Plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this order and judgment.


Dated: August __13__, 2012, in Denver, Colorado.


BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE